IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

    Plaintiff,                    CIV. S-06-1067 FCD PAN (GGH) PS

    vs.

UNITED STATES GOVERNMENT,        ORDER and

    Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case if at any time it determines the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1

1   Plaintiff's three-page handwritten unlabeled document, which the court construes
2 as a complaint, asks the court to withdraw a $50.00 fine allegedly imposed in another of
3 plaintiff's cases filed in this court, and to accept additional evidence demonstrating the truth of
4 plaintiff's allegations in the prior case.
5   The former case to which plaintiff refers appears to be <u>Fallon v. United States of
6 America</u>, Civ. S-05-1326 GEB PAN PS, wherein the Magistrate Judge recommended issuance of
7 an order to show cause why plaintiff should not be sanctioned $50.00 for "again filing an
8 incomplete application to proceed in forma pauperis and a proposed complaint that fails to state a
9 claim upon which relief can be granted."  However, the District Judge did not adopt this
10 recommendation.  <u>See</u> Order filed January 12, 2006.  There is, therefore, no outstanding "fine"
11 against plaintiff in this court.
12   Nor is there any ground for accepting plaintiff's additional evidence in support of
13 his prior filing.  In the former case (Civ. S-05-1326), the court dismissed plaintiff's complaint for
14 "one trillion dollars" against the U.S. Government for compensation to plaintiff as an "injured
15 victim of crime, going to the local police station to report that crime, and being refused medical
16 treatment."  (Plaintiff now asserts this experience took place in 1980 or 1990 (reference only
17 partially legible).)  The court found that plaintiff had failed to state a claim for which relief could
18 be granted.  28 U.S.C. § 1915(e)(2)(ii).  Plaintiff's new evidence – which includes over fifty
19 pages of photographs, maps and diagrams – does not now transform plaintiff's allegations into a
20 federal claim.
21   A federal court is a court of limited jurisdiction, and may adjudicate only those
22 cases authorized by the Constitution and by Congress.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co</u>,
23 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994); U.S. Const. Art. III.  Plaintiff bears the burden
24 of proof for establishing jurisdiction.  <u>See, e.g.</u>, <u>Sopcak v. Northern Mountain Helicopter Serv.</u>,
25 52 F.3d 817, 818 (9th Cir.1995); <u>Thornhill Pub. Co. v. General Tel. & Electronics Corp.</u>, 594
26 F.2d 730, 733 (9th Cir.1979).  Unless a complaint presents a plausible assertion of a substantial

1  federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66
2  S. Ct. 773, 776 (1945); see also, Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999) ("a district
3  court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction
4  pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a
5  complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no
6  longer open to discussion").

7  　　　　　This "complaint," like many of plaintiff's prior complaints filed in this court, fails
8  to establish this court's jurisdiction (Fed. R. Civ. P. 8(a)) or state a claim upon which relief may
9  be granted (28 U.S.C. § 1915(e)(2)(ii)).  While the court ordinarily would permit a pro se
10 plaintiff to amend, amendment  to cure defective jurisdictional allegations is proper only to
11 correct "incorrect statements about jurisdiction that actually exists, and not defects in the
12 jurisdictional facts themselves."  Bull HN Information Systems Inc. v. Hutson, 184 F.R.D. 19, 22
13 (D.Mass. 1999) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S. Ct. 2218
14 (1989)).  Leave to amend should not be granted where it appears amendment would be futile.
15 See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336 (9th Cir. 1996).  Amendment of this complaint
16 would not cure its deficiencies.

17 　　　　　Accordingly, IT IS HEREBY ORDERED that plaintiff's May 9, 2006 application
18 to proceed in forma pauperis is granted.

19 　　　　　Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed with
20 prejudice.

21 　　　　　These findings and recommendations are submitted to the Honorable Frank C.
22 Damrell, the United States District Judge assigned to this case, pursuant to the provisions of Title
23 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and
24 recommendations, any party may file written objections with the court and serve a copy on all
25 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
26 Recommendations."  Any reply to the objections shall be served and filed within ten (10) days

1 after service of the objections.  The parties are advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
3 F.2d 1153 (9th Cir. 1991).
4 DATED: 7/5/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

7 NOW6:Fallon1067.dism